<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASHON JACKSON,<br><br>         Petitioner,<br><br>       v.<br><br>BRUCE DAVIS and THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,<br><br>         Respondents. | Case No. 23cv2296 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

  Petitioner Rashon Jackson filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his Passaic County convictions. D.E. 1 ("Pet."). He now moves for a stay and abeyance of his habeas proceedings while he files a second petition for post-conviction relief ("PCR") in the state courts. D.E. 3 ("Mot."). Respondents Bruce Davis, who is the Warden of New Jersey State Prison, and the Attorney General of New Jersey consent to Jackson's request for a stay. D.E. 7. The Court will **GRANT** the motion on the papers. Fed. R. Civ. P. 78(b).

  Section 2254 states in relevant part that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

  Jackson's habeas petition alleges that he received ineffective assistance of counsel. Pet. at 18. He seeks a stay because he "has obtained some new evidence that advances his alibi defense, and highlights counsel [sic] failure to conduct an adequate investigation." Mot. at 3. He wants to

file a second PCR petition raising these arguments. *Id.* at 4. The Court finds good cause to stay its consideration of Jackson's habeas petition.

Jackson asserts he has new evidence to support his claim, and Respondents do not object to his request. New evidence would warrant filing a second PCR petition. N.J. Ct. R. 3:22-4(b)(2)(B). It would not be an efficient use of this Court's resources to continue with the habeas proceedings before the state courts have an opportunity to review Jackson's arguments because the state courts' resolution of Jackson's second PCR petition may impact the habeas proceedings. There is no indication that Jackson is engaging in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269 (2005). It is more prudent to allow the state courts to consider Jackson's claims in the first instance.

The Clerk of Court will be ordered to administratively terminate Jackson's habeas petition. Administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

Jackson will have 30 days from the date of the accompanying Order to file a second PCR petition. Thereafter, upon the state court's completion of its review of Jackson's PCR petition, Jackson will have 30 days from that date to file an amended habeas petition before this Court. The time for Respondents to file an answer is **STAYED** pending further Order of the Court. An appropriate Order follows.

*Evelyn Padin* 7/25/2023

Evelyn Padin, U.S.D.J.